```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL ACTION NO. 2:03-00174-02

**ANTHONY CLAYTON ROBERTS**


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On October 19, 2017, the United States of America appeared by Timothy D. Boggess, Assistant United States Attorney, and the defendant, Anthony Clayton Roberts, appeared in person and by his counsel, Gary A. Collias, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Douglas W. Smith. The defendant commenced an 18-month term of supervised release in this action on December 29, 2016, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on August 5, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by him on April 17 and May 5, 2017, for amphetamine and methamphetamine, the defendant having admitted to the probation officer that he nasally ingested methamphetamine on April 13 and May 3, 2017; the defendant's admission to the probation officer on May 11, 2017, that he nasally ingested methamphetamine on May 9, 2017; a positive urine specimen submitted by the defendant on May 15, 2017, for amphetamine and methamphetamine; a positive urine specimen submitted by him on June 12, 2017, for amphetamine, methamphetamine, benzodiazepines and marijuana, the defendant having admitted to the probation officer that same day that he used methamphetamine and Xanax earlier in the morning, that he had used methamphetamine daily for the previous month, used Xanax daily for the previous three weeks and that he had used marijuana on June 11, 2017, and smoked it daily the previous week; a positive urine specimen submitted by him on August 8, 2017, for amphetamine and methamphetamine, the defendant having admitted to the probation officer that same date that he had

previously used methamphetamine; and a positive urine specimen submitted by him on September 11, 2017, for amphetamine, methamphetamine and marijuana, the defendant having admitted to the probation officer that same date that he ingested Xanax without a valid prescription, intravenously used methamphetamine and smoked marijuana; (2) the defendant failed to attend outpatient substance abuse counseling as instructed by the probation officer inasmuch as he was referred for one individual session per week on May 5, 2017, and failed to attend treatment sessions on May 10, 15 and 31, 2017, and did not reschedule any appointments after that time; and (3) the defendant failed to complete a 28-day inpatient treatment program as directed by the probation officer inasmuch as he entered Prestera at Pinecrest's program on June 30, 2017, and left the program on July 12, 2017, without completing the full 28 days; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously

3

imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TIME SERVED, to be followed by a term of sixteen (16) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point in Bluefield, West Virginia, where he shall follow the rules and regulations of the facility and participate fully in drug abuse counseling and treatment as directed by the facility and the probation officer.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: October 19, 2017

John T. Copenhaver, Jr.
United States District Judge